

# Fourth Court of Appeals
## San Antonio, Texas

May 31, 2016

No. 04-16-00305-CR

Juston T. **PHILLIPS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4875
Honorable Mary D. Roman, Judge Presiding

## O R D E R

Pursuant to a plea-bargain agreement, Juston Phillips pled nolo contendere and was sentenced in accordance with the terms of his plea-bargain agreement. The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Phillips filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* at 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* at 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* at 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and Phillips does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* at 25.2(d).

It is therefore ORDERED this appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless Phillips causes an amended trial court certification showing he has the right to appeal is made part of the appellate record by June 27, 2016. *See* TEX. R. APP.

P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

All other appellate deadlines are SUSPENDED pending resolution of the certification issue.

_____

Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of May, 2016.

_____

Keith E. Hottle
Clerk of Court